
# NOTICE OF LAWSUIT AND REQUEST FOR
# WAIVER OF SERVICE FOR SUMMONS

TO: Jennifer Dopazo, Attorney for the Town of Brookline, Town of Brookline Board of Appeals, Diane Gordon, Harry Miller, Bailey Silbert, Enid Starr, Lawrence Kaplan and Murray Shocket in their official capacities as Members of the Town of Brookline Board of Appeals

A lawsuit has been commenced against The Town of Brookline, the Town of Brookline Board of Appeals, and the individuals named above in their official capacity as members of the Town of Brookline Board of Appeals. A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the District of Massachusetts and has been assigned docket number 05-10655 REK. This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within 30 days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped self-addressed envelope for your use. An extra copy of the wavier is also attached for your records.

If you comply with the request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States.)

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth explained on Waiver of Service of Summons form.

I affirm that the request is being sent to you on behalf of the plaintiff, this 15th day of April, 2005.

*Danielle L. Long*
Michael S. Giaimo (BBO #552545)
Danielle Andrews Long (BBO #646981)
Robinson & Cole LLP
One Boston Place
Boston, MA 02108-4404
(617) 557-5900

BOST1-854636-2

## WAIVER OF SERVICE OF SUMMONS

TO:  Michael S. Giaimo, Esq.
Danielle Andrews Long, Esq.
ROBINSON & COLE LLP
One Boston Place
Boston, MA 02108-4404

I, Jennifer Dopazo, as attorney and agent for the Town of Brookline, Brookline Board of Appeals and Diane Gordon, Harry Miller, Bailey Silbert, Enid Starr, Lawrence Kaplan, and Murray Shicket in their official capacity as Members of the Town of Brookline Board of Appeals acknowledge receipt of your request that I waive service of summons in the action of *Cellco Partnership d/b/a Verizon Wireless, et al v. Town of Brookline, et al.*, which is case number 05-10655 REK in the United States District Court for the District of Massachusetts.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of summonses and additional copies of the complaint in this lawsuit by not requiring that the named defendants be served with judicial process in the manner provided by Rule 4.

I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me if an answer or motion under Rule 12 is not served upon you within 60 days after the date this Request for Waiver of Service of Summons was sent to me.

4/27/05
DATE

SIGNATURE

Printed/Typed Name: Jennifer Dopazo

## Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.