UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, <br><br>and<br><br>BELL ATLANTIC MOBILE of MASSACHUSETTS CORPORATION, LTD. d/b/a VERIZON WIRELESS<br><br>　　　　Plaintiffs,<br><br>v.<br><br>TOWN OF BROOKLINE, MASSACHUSETTS TOWN OF BROOKLINE BOARD OF APPEALS and DIANE GORDON, HARRY MILLER, BAILEY SILBERT, ENID STARR, LAWRENCE KAPLAN, MURRAY SCHOCKET, in their official capacities as members of the Town of Brookline Board of Appeals<br><br>　　　　Defendants | Civil Action No. 05-10655 REK |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

### Introduction

　　This action arises out of the Town of Brookline Board of Appeals' ("Zoning Board") lawful and appropriate denial of the plaintiffs' application for a special permit to allow them to install a wireless communication facility and related equipment on an existing building at the property known and numbered as 1004-1022 West Roxbury Parkway, Brookline, MA (hereinafter, the "Property").

　　1.　　The defendants are without sufficient information to admit or deny the allegations in the first two sentences of paragraph 1. The defendants deny the remaining allegations contained in paragraph 1.

2.	With respect to the first sentences of paragraph 2, no responsive pleading is required. The defendants deny the remaining allegations in paragraph 2.

## Jurisdiction and Venue

3.	The defendants state that the allegations in this paragraph call for a legal conclusion and therefore no response is required.

4.	The defendants state that the allegations in this paragraph call for a legal conclusion and therefore no response is required.

5.	The defendants state that the allegations in this paragraph call for a legal conclusion and therefore no response is required.

6.	The defendants state that the allegations in this paragraph call for a legal conclusion and therefore no response is required.

## Parties

7.	The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

8.	The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

9.	The defendants admit the allegation contained in this paragraph.

10.	The defendants admit the allegations contained in this paragraph.

11.	The defendants admit the allegations contained in this paragraph.

12.	The defendants admit the allegations contained in this paragraph.

13.	The defendants admit the allegations contained in this paragraph.

14.	The defendants admit the allegations contained in this paragraph.

15.	The defendants admit the allegations contained in this paragraph.

16. The defendants admit the allegations contained in this paragraph.

**Personal Wireless Services**

17. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

18. The defendants admit the allegation contained in this paragraph, which states that "In addition to individual consumers and businesses, cellular telephone and data device users include government agencies and public safety providers, such as police, ambulance and fire departments, and other emergency service providers." The defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

19. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

20. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**The Longstanding Effort to Close Verizon Wireless'
Significant Coverage Gap in South Brookline**

21. The defendants admit the allegations contained in this paragraph.

22. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

23. In response to the allegations contained in this paragraph pertaining to the Board's Decision and the referenced Board of Selectmen meetings, the defendants state that the Board's Decision and the minutes of the referenced meetings speak for themselves, and therefore, no further answer is required. The defendants admit the allegation which states that the Police Department's wireless data system operates on the Verizon Wireless Network and deny the remaining allegations contained in this paragraph.

24. The defendants deny the allegation contained in this paragraph, which states that "In every case, the Town has either rejected Verizon Wireless' proposals or failed to take the steps necessary to allow a PWS facility to be sited on Town property." In response to the remaining allegations in this paragraph, the defendants state that they are without knowledge or information sufficient to form a belief as to their truth.

25. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, which state "Nynex Mobile intended this site to provide coverage to the same significant coverage gap that persists today," and that the Planning Board recommended that the Selectmen enter into a lease with Nynex Mobile. The defendants admit the remaining allegations contained in this paragraph.

26. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

27. The defendants admit the allegations in this paragraph which state that following passage of the Federal Telecommunications Act, the Town imposed a moratorium on permitting wireless antennas in Brookline in 1997, that the moratorium was in effect from May 1997 through November 1997, and that the Zoning By-law was amended to add Section 4.09. The defendants deny the remaining allegations contained in this paragraph.

28. The defendants deny the allegation in this paragraph, which states that "During 1999, the Town made a false start towards allowing PWS service in south Brookline." The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, which state "This RFP received a strong response, reflecting the keen need by carriers for service in this area." The defendants admit the remaining allegations contained in this paragraph.

29. The defendants admit the allegations contained in this paragraph.

30. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in this paragraph which states that "A tower at the Golf Course property would have been a feasible site for Verizon Wireless to use to fill its coverage gap on a long term basis, and Verizon Wireless would have sought to collocate on such a tower had it been constructed ." The defendants deny the allegation contained in this paragraph which states that "south Brookline reverted to its previous cellular-free status." The defendants admit the remaining allegations contained in this paragraph.

31. In response to the allegations in this paragraph which state that in late 1999, shortly after Town Meeting voted to reject the proposed tower at the Golf course, Verizon Wireless engaged Structure Consulting Group, a real estate consulting firm, to help Verizon Wireless find a location for a PWS facility to serve the significant coverage gap in the south part of Brookline; that SCG first identified and reviewed the applicable zoning restrictions on PWS siting;  that it immediately became clear that if the Town was not going to allow a site on Town-owned property, the Brookline zoning by-law would impose a significant obstacle to successfully siting a PWS facility on private property within south Brookline; and that almost the entire coverage gap area in south Brookline is zoned for residential use,  the defendants state that they are without knowledge or information sufficient to form a belief as to their truth.  In response to the remaining allegations, the defendants state that the Zoning By-law speaks for itself and therefore, no further answer is required.

32. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

33.  The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

34.     In response to the allegation in this paragraph, which states that as part of this site search process, SCG and Verizon Wireless also investigated Town-owned sites, the defendants are without knowledge or information sufficient to form a belief as to its truth.  In response to the remaining allegations contained in this paragraph, the defendants admit that state procurement law requires the issuance of an RFP for the purposes of leasing town-owned property, that SCG informed town officials of its interest in leasing town-owned sites in south Brookline for PWS use, and that the Town did not issue any RFPs for this purpose in 2002.  The defendants deny the remaining allegations contained in this paragraph.

35.     In response to the allegation in this paragraph, which states that SCG and Verizon Wireless investigated and pursued the Transfer Station incinerator site (once again) and the DPW garage site, the defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation.  The defendants admit the allegation contained in this paragraph, which states that "Of all the Town-owned sites in south Brookline, these are the only two sites not in a residential zone (both are zoned for industrial use)."  In response to the allegation in this paragraph which states that "Therefore, they are evidently the only two Town owned-sites in the coverage gap area at which a PWS tower can be built in compliance with the letter of the Zoning By-law," the defendants state that the allegation calls for a legal conclusion and therefore, no response is required.  The defendants admit the allegations contained in this paragraph, which state that SCG requested the Town to consider those sites for an RFP for PWS use and that in 2002, the Town issued no RFP for those sites.  The defendants deny the remaining allegations contained in this paragraph.

**The Proposed PWS Facility at the Shops at Putterham**

36.     The defendants admit the allegations contained in this paragraph which state that SCG identified and put forward as a candidate for filling the alleged coverage gap a proposal to construct a

rooftop site at the Property, which is also known as the "Shops at Putterham," that the Property is a small, "strip mall" style shopping plaza containing a variety of commercial uses, that the Property is located adjacent to the Francis X. Ryan Circle, that it is located in a Local Business Zoning District, and that it contains no approved residential use. The defendants deny the allegations contained in this paragraph, which state that "no other feasible private alternative [to the Property was] available," that the Property is the only available and feasible location for a PWS facility to address a PWS coverage gap, if any, in this area of south Brookline, and that installing the proposed PWS facility would be consistent with the stated purpose of Section 4.09 of the Zoning By-law that seeks to "encourage location of antennas on existing commercial buildings or structures rather than on residential ones or new towers." With respect to the remaining allegations contained in this paragraph, the defendants are without knowledge or information sufficient to form a belief as to their truth.

37.     The defendants are without knowledge or information sufficient to form a belief as to their truth of the allegation contained in this paragraph, which states that Verizon Wireless executed a lease for a portion of the Property. The defendants admit the allegation contained in this paragraph, which states that Verizon Wireless commenced the permitting process for the installation of a PWS facility. In response to the remaining allegation contained in this paragraph the defendants state that the referenced section of the Zoning By-law speaks for itself and therefore, no further answer is required.

38.     The defendants admit the allegations contained in this paragraph.

39.     In response to the allegation contained in this paragraph which states that "Verizon Wireless made every effort to minimize the visual impact of its installation at the Property and worked closely with Omnipoint to ensure that the carriers' respective designs were visually compatible with each other," the defendants state that they are without knowledge or information sufficient to form a

7

belief as to their truth. The defendants deny the allegations contained in this paragraph which characterize the proposed monopoles as "flagpoles". The defendants admit the remaining allegations contained in this paragraph.

40. The defendants admit the allegations contained in this paragraph, which state that as an alternative, the carriers proposed to construct a narrower cupola, and that Town planning staff voiced concern about "massing." The defendants deny the remaining allegations contained in this paragraph.

41. The defendants admit the allegations contained in this paragraph which state that based upon comments made by the Planning Board and its staff, Verizon Wireless and Omnipoint revised the design of their proposal for PWS facilities at the Property by reducing the diameter of the proposed monopole to 18 inches. In response to the remaining allegations contained in this paragraph, the defendants state that Verizon Wireless' and Omnipoint's applications for approval of the proposed PWS facility, including the dimensions and specifications of the related equipment, speak for themselves, therefore, no further answer is required. In response to the allegation contained in this paragraph which states that Verizon searched for "the smallest available antenna – at least as small as, if not smaller than any antenna it had ever used before in any similar installation in the Northeastern United States," the defendants state that they are without knowledge or information sufficient to form a belief as to its truth. The defendants deny the remaining allegations contained in this paragraph.

42. The defendants admit the allegation contained in this paragraph, which states that Town planning staff voiced the opinion that this design represented an improvement over previous proposals. The defendants deny the allegation contained in this paragraph, which states that there were no specific recommendations for further design improvements. With respect to the remaining allegation contained in this paragraph, the defendants have insufficient information to admit or deny Verizon's reasons for deciding to proceed to seek Board approval.

**The Application, Hearing and Decision**

43. In response to this paragraph, the defendants admit the allegations which state that on or about June 17, 2004, Verizon Wireless filed an application for a Special Permit, and that Omnipoint also filed such an application. The defendants deny the remaining allegations contained in this paragraph.

44. The defendants deny the allegations contained in this paragraph.

45. The defendants admit the allegations contained in this paragraph.

46. The defendants deny the allegation contained in this paragraph, which states that "At the Hearing, Verizon Wireless provided evidence demonstrating that its proposed PWS facility complied in all respects with the applicable requirements of the Zoning By-law and M.G.L. c. 40A. The defendants admit the remaining allegation contained in this paragraph.

47. The defendants deny the allegations contained in this paragraph.

48. The defendants deny the allegations contained in this paragraph.

49. The defendants admit the allegation contained in this paragraph, which states that the Board filed its Decision with the Town Clerk on March 3, 2005, and, with respect to the remaining allegations in this paragraph, state that the Decision speaks for itself and therefore, no further answer is required.

50. In response to the allegations contained in this paragraph concerning the content of the Board's Decision, the defendants state that the Decision speaks for itself and therefore, no answer is required. The defendants deny the remaining allegations contained in this paragraph.

51. In response to the allegations contained in this paragraph concerning the Board's Decision and the Zoning By-law, the defendants state that the Decision and Zoning By-law speak for themselves and therefore, no answer is required. The defendants admit the allegation contained in this

paragraph, which states that "there was no evidence that carriers (other than Verizon and Omnipoint) had sought to locate at the Property.

52.     In response to the allegation contained in this paragraph concerning the Board's Decision, the defendants state that the Decision speaks for itself and therefore, no answer is required. The defendants admit the allegation contained in this paragraph which states that there was evidence at the hearing that the town's police department has indicated that it has problems using its Verizon Wireless data system within areas of south Brookline, and deny the remaining allegations contained in this paragraph.

53.     In response to the allegations contained in this paragraph concerning the Board's Decision and the Zoning By-law, the defendants state that the Decision and Zoning By-law speak for themselves and therefore, no answer is required. The defendants deny the remaining allegations contained in this paragraph.

54.     The defendants admit the allegation contained in this paragraph which states that to date, the Town has not awarded any carrier or tower company a lease for PWS use at any Town-owned property in south Brookline. The defendants deny the remaining allegations contained in this paragraph.

55.     In response to the allegations contained in this paragraph concerning the Board's Decision, the Zoning By-law, and the Verizon Wireless Application, the defendants state that the Decision, Zoning By-law and application speak for themselves and therefore, no answer is required. The defendants deny the allegation contained in this paragraph, which states that "the Board made other generalized and unsupported factual findings that are contrary to the evidence." The defendants admit the allegation contained in this paragraph which states that Verizon Wireless representatives at the Hearing stated that the proposed lighting was a function of federal requirements concerning the

display of the American flag, that the facility would not need to be lighted at all if the American flag were not flown from it, and that Verizon Wireless was willing to have some other flag, such as the Town flag, flown instead. The defendants deny the remaining allegations contained in this paragraph.

### Further Efforts to Fill the Coverage Gap

56. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

Puddingstone Condominiums

57. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

The Walnut Hills Cemetery

58. The defendants admit "In August 2004, the Town issued an RFP for the construction of a new tower on Town-owned land in south Brookline." The Town admits that it was due in part to "reaction to pressure on Town officials created by Verizon Wireless' application for a special permit, and as a way to identify and make available locations for a PWS facility that could address complaints the Town was receiving regarding the lack of cell phone coverage in south Brookline. The defendants are without knowledge or information sufficient to form a belief as to the allegation in this paragraph which states that Verizon Wireless let potential bidders know of its interest in locating on any facility that resulted from the RFP process. The defendants deny the remaining allegations contained in this paragraph.

59. The defendants admit the allegations contained in this paragraph which state that the Town received competing bids from three wireless facility developers and two wireless carriers, that the Town committee responsible for evaluating bid responses recommended only one proposal for one

property – a proposal by a tower developer to construct a "monopine" at the Walnut Hills Cemetery. With regard to the remaining allegations contained in this paragraph, the defendants are without knowledge or information sufficient to form a belief as to their truth.

60. The defendants admit the allegations contained in this paragraph which state that the Walnut Hills Cemetery is located within an S-10 single family residential zone and that it is listed on the Massachusetts and National Registers of Historic Places. In response to the allegations contained in this paragraph concerning the Zoning By-law, the defendants state that the Zoning By-law speaks for itself and therefore, no answer is required. In response to the allegation which states that Verizon Wireless expressed an interest in the Walnut Hills Cemetery site despite some doubts, the defendants are without knowledge or information sufficient to form a belief as to their truth.

61. The defendants admit the allegations contained in the first sentence of paragraph 61. With respect to documents presented to the Town Meeting, the Town states those documents speak for themselves. The defendants admit the remaining allegations contained in this paragraph.

62. The defendants admit the allegations contained in this paragraph.

63. The defendants deny the allegation contained in this paragraph.

<u>Brandegee Mansion</u>

64. The defendants admit the allegations contained in this paragraph which state that In March 2005, Town Planner Polly Selkoe contacted a Verizon Wireless representative to suggest that Verizon Wireless investigate locating on the roof of the Brandegee mansion; that the Brandegee mansion was constructed in the 19th century as the manor house of a private estate; that it is now owned and operated by a private foundation; that it is listed on the State and National Registers of Historic Places; that it is located near the municipal boundary with the City of Boston and that AT&T placed a PWS facility on the roof of the Brandegee mansion pursuant to a design review approval by

12

the Brookline Planning Board in 2000. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in this paragraph concerning Verizon Wireless' coverage gap, or Verizon Wireless' response to Ms. Selkoe's suggestion that it look at the site. The defendants deny the remaining allegations contained in this paragraph.

65. The defendants admit the allegations contained in this paragraph which state that the Board denied the Application for a proposed PWS facility at the Property, and deny the remaining allegations.

## The Federal Telecommunications Act of 1996

66. In response to this paragraph, the defendants state that the United States Code speaks for itself, and therefore, no further answer is required.

67. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

68. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

69. In response to the allegations in this paragraph which state that Verizon Wireless is a personal wireless service provider as described in the TCA, is licensed by the FCC, and therefore, is entitled to the protections of the TCA, the defendants are without knowledge or information sufficient to form a belief as to their truth. The defendants admit the remaining allegation contained in this paragraph.

## Count I

(Violation of TCA for Prohibiting or Having the Effect of Prohibiting PWS)

70. The defendants incorporate by reference their answers to paragraphs 1 through 69 above.

71. In response to this paragraph, the defendants state that the TCA speaks for itself, and therefore, no further answer is required.

72. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

73. The defendants deny the allegations contained in this paragraph.

74. The defendants deny the allegations contained in this paragraph.

75. The defendants deny the allegations contained in this paragraph.

76. The defendants deny the allegations contained in this paragraph.

77. The defendants deny the allegations contained in this paragraph.

78. The defendants deny the allegations contained in this paragraph.

## Count II

(Violation of TCA Because Denial Not Supported by Substantial Evidence)

79. The defendants incorporate by reference their answers to paragraphs 1 through 78 above.

80. In response to this paragraph, the defendants state that the TCA speaks for itself, and therefore, no further answer is required.

81. The defendants admit that the Decision denying the Application must be supported by substantial evidence in the written record, and deny the remaining allegations contained in this paragraph.

82. The defendants deny the allegations contained in this paragraph.

83. The defendants deny the allegations contained in this paragraph.

84. In response to this paragraph, the defendants state that the TCA speaks for itself, and therefore, no further answer is required.

85. The defendants deny the allegations contained in this paragraph.

## Count III

(Violation of M.G.L. c. 40A, s. 4, Zoning Uniformity)

86. The defendants incorporate by reference their answers to paragraphs 1 through 85 above.

87. In response to the allegations contained in this paragraph, the defendants state that the statute speaks for itself, and therefore, no further answer is required.

88. In response to the allegations contained in this paragraph, the defendants state that the Zoning By-law speaks for itself, and therefore, no further answer is required.

89. The defendants deny the allegations contained in this paragraph.

90. The defendants deny the allegations contained in this paragraph.

91. The defendants deny the allegations contained in this paragraph.

**WHEREFOR**, the answering defendants demand that judgment be entered in their favor with interest, fees and costs awarded to them.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint should be dismissed for failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Complaint should be dismissed for failure to exhaust administrative remedies.

### THIRD DEFENSE

Defendants deny all of the plaintiffs' claims of wrongful conduct and state that they were at all relevant times acting in good faith and in the reasonable belief that their actions were lawful.

**FOURTH DEFENSE**

Defendants state that the Zoning Board's denial of plaintiffs' application for a special permit is supported by substantial evidence contained in the written record, and therefore, is proper.

**FIFTH DEFENSE**

Defendants state that the Zoning Board's denial of plaintiff's application does not prohibit or have the effect of prohibiting the provision of personal wireless services as contemplated by the Telecommunications Act, and therefore, is proper.

**SIXTH DEFENSE**

The Defendants assert that plaintiffs are not entitled to, and therefore cannot recover, damages, costs, or attorney's fees in this matter.

**JURY TRIAL DEMAND**

Defendants demand a jury trial on all issues so triable.

> Respectfully Submitted,
> THE DEFENDANTS
> By their attorneys,
>
> /s/ Joslin Murphy
> Jennifer Dopazo
> BBO No. 632770
> Joslin Murphy
> BBO No. 553471
> The Office of Town Counsel
> 333 Washington Street
> Brookline, MA 02445

Dated: June 14, 2005                (617) 730-2190